# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7028 | **DATE** | 10/4/2002 |
| **CASE TITLE** | Leonard Meschino vs. People of the State of Illinois | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Meschino must fill out the affidavit and return duplicated counterparts in time to be received in this Court's chambers on or before October 25, 2002 to enable this Court to determine his entitlement of lack of entitlement to installment treatment. If he fails to do so, he must within the same time period transmit to this Court's chambers funds the sum or $150 payable to the "Clerk of the District Court." Although he must nevertheless pay the $150 filing fee in one of the ways referred to above (that being the one unresolved open issue), both his current filing and this action are dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | mailed | OCT 07 2002 | |
| | Notified counsel by telephone. | to trustful | date docketed | |
| | Docketing to mail notices. | office 10/4 | | 3 |
| | Mail AO 450 form. | mailed | docketing deputy initials | |
| | Copy to judge/magistrate judge. | IFP forms | 10/4/2002 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | IFP forms to FP 10/4 SN | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

```
              IN THE UNITED STATES DISTRICT COURT        DOCKETED
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION               OCT 0 7 2002
```

LEONARD MESCHINO #20020040851,  )
                                )
                    Plaintiff,  )
                                )
         v.                     )        No. 02 C 7028
                                )
PEOPLE OF THE STATE OF ILLINOIS,)
                                )
                    Defendant.  )

## MEMORANDUM OPINION AND ORDER

Leonard Meschino ("Meschino") has submitted a self-prepared handwritten document that presents a hodgepodge of assertions against what appear to be several targets.[1] This Court will attempt to make some order out of chaos in terms that are relevant (1) to the existence or nonexistence of federal subject matter jurisdiction and (2) to the threshold frivolousness or nonfrivolousness (in the legal sense) of Meschino's efforts.[2]

Meschino essentially begins with this explanation of what he wants to accomplish by this lawsuit:

Petitioner seeks the courts remedy to protect him from

---

[1] Although Meschino captions his papers by naming "People of the State of Illinois" as defendant, that is obviously wrong. This memorandum opinion and order will simply ignore that and a number of other patent defects in Meschino's filing, all in the interest of avoiding delay in the disposition of this action.

[2] Meschino has neither paid the $150 filing fee nor submitted a request for in forma pauperis treatment. But because he is a prisoner now housed at the Cook County Department of Corrections ("County Jail"), Congress has prescribed that he is entitled to proceed without prepayment of the filing fee, although he is firmly obligated to pay that fee. More on this subject later.

the cruel and unusual punishment and the denial of due
process by the Bridgeview court.

That statement, both of itself and when coupled with many of the assertions that follow, sounds like an attack on actions taken by Associate Judge Robert Smierciak of the Cook County Circuit Court's Fifth Municipal District, who on August 1, 2002 convicted Meschino of the misdemeanor of driving under the influence following a bench trial.[3] But any such effort is fatally flawed for these two reasons (if not more):

    1. Because Judge Smierciak was unquestionably acting in a judicial capacity in dealing with all aspects of Meschino's case, he is insulated from suit as well as from liability under the principles of absolute judicial immunity exemplified by Mireles v. Waco, 502 U.S. 9 (1991)(per curiam).

    2. To the extent that Meschino may be attempting to dispute his conviction itself, Rooker-Feldman principles (Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)) foreclose such a federal court attack at any level below the United States Supreme Court. Indeed, the pendency of Meschino's state court appeal (see n.3) would

---

    [3] This information is taken from Meschino's Notice of Appeal from that conviction, a copy of which he has attached as one of the exhibits to his present filing.

render any such effort premature to begin with.

Although it is not clear whether Meschino also tries to base any claim on his physical problems (they are not made the subject of any of his "Amendments," which seem to set out his claims), he spends the first few pages following the language quoted earlier explaining what he "seeks" in describing those problems. If those matters were to be construed as claims of "cruel and unusual punishment"--the only conceivable possibility of a federally cognizable claim (see 42 U.S.C. §1983 ("Section 1983"))--they would fall far short of the standards set out in that regard in <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). At worst what he sets out might be viewed as medical malpractice claims, capable of being asserted in a state court but not actionable here in federal court.[4]

Next (in "Amendment 1") Meschino complains about the work of his public defender Michael Barth. But there he runs head-on into the principle that such a lawyer is not a "state actor" so as to be subject to suit in a Section 1983 action (<u>Polk County v. Dodson</u>, 454 U.S. 312 (1981)). If Meschino claims any lawyer malpractice on attorney Barth's part, that too must be filed in a state court and <u>not</u> in this federal court.

In "Amendment 2" Meschino questions Judge Smierciak's

---

[4] This Court of course makes no comment on the procedural hurdles that such a medical malpractice claim might face in the state court system.

impartiality in several respects. That line of attack is squarely foreclosed by the doctrine of absolute judicial immunity discussed earlier in this opinion.

In an apparent effort to be an equal opportunity grievant, Meschino refers in "Amendment 3" to the nature of a prosecutor's responsibilities--something that would seem to suggest a complaint or complaints about the conduct of the unnamed prosecutor in his case. But any such effort is also scotched by a concept of absolute immunity, this time one that protects prosecutors in their direct handling of criminal charges (Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) is the seminal case in this area).

Finally in terms of Meschino's stated claims, "Amendment 4" refers to 18 U.S.C. §3582(c)(1)(A) and (c)(2). That of course makes no sense at all, for it relates to sentences imposed for federal and not state convictions. Hence that claim, like all the others, fails the test of legal frivolousness prescribed by Neitzke v. Williams, 490 U.S. 319, 325 (1989).

One final subject needs discussion before this opinion concludes by dismissing this action outright. As indicated in n.2, 28 U.S.C. §1915 ("Section 1915") spells out the conditions and procedures for any prisoner who seeks to invoke the jurisdiction of a federal court. Under its provisions every such prisoner must pay the $150 filing fee in full, although if he or

4

she qualifies as a poor person in financial terms the payment may be made in installments rather than by advance payment in full.

Because Meschino has failed to provide the affidavit that is required by Section 1915(a)(1) to support a prisoner's possible entitlement to payment on an installment basis, copies of the required form of such affidavit are being sent to him with a copy of this opinion. Meschino must fill out those forms and return duplicate counterparts in time to be received in this Court's chambers[5] on or before October 25, 2002 to enable this Court to determine his entitlement or lack of entitlement to such installment treatment. If he fails to do so, he must within the same time period transmit to this Court's chambers funds in the sum of $150 payable to the "Clerk of the District Court."

In the meantime, a copy of this opinion is being sent to the County Jail in order that the appropriate official there can promptly transmit to this Court's chambers a printout of Meschino's trust fund account statement covering all transactions for whatever portion of the period beginning April 1, 2002 and ended September 30, 2002 Meschino has been in custody there (see Section 1915(a)(2)). That will facilitate this Court's ability to make the necessary determinations under Section 1915 if

---

[5] Meschino's mailing should be addressed to:

    Honorable Milton I. Shadur
    219 South Dearborn Street #2388
    Chicago IL 60604

5

Meschino proves to be qualified for installment payment of the $150 filing fee.

## Conclusion

For the reasons set out in this opinion, all of Meschino's claims fail to surmount the hurdle of nonfrivolousness in the legal sense. Although he must nevertheless pay the $150 filing fee in one of the ways referred to above (that being the one unresolved open issue), both his current filing and this action are dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 4, 2002